# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER L. POTTEIGER,<br>3420 Eisenhower Avenue<br>Reading, PA 19605<br>　　　　Plaintiff,<br><br>v.<br><br>ELITE SPORTSWEAR, LTD.<br>2136 North Thirteenth Street<br>Reading, PA 19604<br>　　　　Defendant. | **17　　4932**<br><br>Civ. No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, comes Plaintiff, Heather L. Potteiger, by and through her undersigned attorneys, Roland Stock, LLC, and files the within Complaint, and avers as follows:

1. This is an action seeking recovery on behalf of the Plaintiff, Heather L. Potteiger (hereinafter, "Plaintiff) of unpaid overtime compensation under the Federal Fair Labor Standards Act, Pennsylvania Minimum Wage Act, and Pennsylvania Wage Payment and Collection Law from Defendant, Elite Sportswear, Ltd. (hereinafter, "Defendant").

2. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter, the "FLSA"), Plaintiff alleges that she is entitled to: (i) unpaid hourly wages from Defendant for her work in excess of forty (40) hours per week at the rate of one and one-half times the regular rate; (ii) liquidated damages equal to her unpaid overtime wages under the FLSA; and (iii) reasonable attorney's fees and costs.

3. Pursuant to the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101 *et seq.*, (hereinafter, "MWA"), Plaintiff alleges that she is entitled to: (i) unpaid hourly wages from Defendant for her work in excess of forty (40) hours per week; (ii) prejudgment interest; and (iii) reasonable attorneys' fees and costs as authorized by 43 P.S. § 333.113.

4. Pursuant to the Pennsylvania Wage Payment and Collection Law, 42 P.S. §§ 260.1 *et seq.*, (hereinafter, "WPCL"), Plaintiff alleges that she is entitled to liquidated damages equal to twenty-five percent (25%) of the total wages due, as authorized by 43 P.S. § 260.10.

## PARTIES

5. Plaintiff is an adult individual and a resident of the Commonwealth of Pennsylvania, residing at 3420 Eisenhower Avenue, Reading, Berks County, Pennsylvania 19605.

6. Defendant is a Pennsylvania Corporation having a principal place of business located at 2136 North Thirteenth Street, Reading, Berks County, Pennsylvania 19604.

## JURISDICTION

7. This suit is brought and jurisdiction lies based on a federal question. 28 U.S.C. § 1331. Jurisdiction lies pursuant to the FLSA. There is supplemental jurisdiction over the state wage claims under the MWA, and WPCL.

8. Venue is proper in the District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b).

9. The unlawful employment practices described in this Complaint have been committed in the Eastern District of Pennsylvania, and the employment records relevant to those conditions and practices are, on the information and belief of Plaintiff, maintained and administered at the offices of the Defendant in the Eastern District of Pennsylvania and the Defendant does business in this District.

## REQUEST FOR COMPULSORY ARBITRATION

10. Plaintiff requests Compulsory Arbitration as the money damages being sought in this case, exclusive of interest and costs, are below the limit for Compulsory Arbitration set forth in the Local Rules of the United States District Court for the Eastern District of Pennsylvania.

## FACTUAL ALLEGATIONS

11. Defendant is in the business of manufacturing gymnastics and cheerleading apparel.

12. Plaintiff commenced employment with Defendant in June 2011.

13. From approximately April 2015, through June 29, 2017, Plaintiff was employed, within the meaning of 29 U.S.C. § 203(e)(1), by Defendant as a full-time Assistant Marketing Manager.

14. At all times material hereto Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

15. In performing her duties for Defendant as Assistant Marketing Manager, Plaintiff was at all times a full-time employee compensated on a salary basis.

16. During her tenure as Assistant Marketing Manager, Plaintiff was expected to, and did in fact, work at least forty (40) hours per week Monday through Friday ("Regular Time").

17. During her tenure as Assistant Marketing Manager, Plaintiff was subordinate to each of the following additional Marketing positions: Product Line Manager, Cheer; Product Line Manager, Gymnastics; and Vice President of Marketing.

18. Plaintiff did not supervise any employees of Defendant.

19. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the FLSA, MWA, and WPCL.

20. Under the FLSA, MWA, and WPCL, Defendant is required by law to pay employees not less than one and one-half times the employee's pay

21. During her Regular Time, as well as during her overtime hours, Plaintiff's primary function, which occupied the vast majority of her time, was the handling of the following routine tasks:

    a.     Update and maintain customer database;

    b.     Provide mailing lists for catalog distribution;

    c.     Assist in creating product marketing copy for web, catalog and email marketing strategies;

    d.     Distribute catalogs to internal staff, Distributors, Sales Representatives and Territory Account Managers;

    e.     Process Marketing Department invoices for approval/payment;

    f.     Create forecasting spreadsheets for Product Line Managers;

    g.     Prepare reports for Product Line Managers as needed;

    h.     Proof web/catalog copy, catalogs and pricelists;

    i.     Prepare lead lists for outside sales personnel;

    j.     Perform market research; and

    k.     Perform additional marketing duties, as assigned.

22.     Plaintiff's other functions as Assistant Marketing Manager included the following routine tasks:

    a.     Coordinate all trade show materials, including supplies, giveaways, catalogs, body forms, gridwalls, etc.

    b.     Assist in the development and purchase of trade show displays;

    c.     Assist with registration, set-up, travel and reservations for trade shows and events;

    d.     Attend appropriate trade shows;

    e.     Coordinate shipping of all trade show materials to arrive on time; and

    f.     Travel to trade shows, set-up the display, work the trade show, and help breakdown the display.

23.     Plaintiff was not an exempt employee under the FLSA and the MWA.

24.     Defendant's business enterprise experienced several busy seasons throughout the year, when seasonal and yearly catalogs were being prepared for print, and when regional Sales Representatives were in town for various conferences with Defendant, and seasonal trade shows.

25. Plaintiff regularly worked more than forty (40) hours per week, particularly at the times of year when the catalogs were being prepared and when she had to travel for trade shows.

26. As trade shows were generally on the weekend, Plaintiff would work her required forty (40) hour week, and then work additional days in excess of eight (8) hours, representing Defendant at various trade shows.

27. In addition to the Regular Time worked and the overtime accrued during Defendant's busy seasons, Plaintiff also regularly worked in excess of forty (40) hours per week to complete her routine tasks.

28. During her tenure as an employee of Defendant, Plaintiff's salaried compensation varied from year to year. However, at no time was she compensated for overtime.

29. At some time during the end of 2016, Plaintiff was asked to keep track of the hours she worked by her supervisor, Product Line Manager Kelly Christman.

30. At the request of her supervisor, Plaintiff kept a record of the hours she worked in excess of forty (40) per week. Subsequently, Plaintiff showed both Ms. Christman, and VP of Marketing Matt Cowan, the hours she had tracked, illustrating that she routinely worked in excess of forty (40) hours per week. Plaintiff was advised that she was exempt and therefore, was not eligible for overtime compensation. It is believed and therefore, averred that Defendant is aware of and familiar with the exemption requirements of the FLSA as a determination was made in order to respond to said inquiry.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiff alleges and incorporates by reference Paragraphs one (1) through thirty (30) as if set forth herein at length.

32. Under the FLSA, Plaintiff was entitled to overtime compensation from Defendant for hours worked beyond forty (40) hours per week. 29 CFR § 778.107.

33. Plaintiff's supervisor, Ms. Christman, asked Plaintiff to keep track of her hours, including hours in excess of forty (40) hours per week. Defendant therefore had knowledge that Plaintiff worked in excess of forty (40) hours per week.

34. Furthermore, Plaintiff inquired of Defendant whether she was entitled to overtime and she was told "no." Thus, Defendant was not only aware that Plaintiff worked in excess of forty (40) hours per week, but willfully refused to compensate her for the overtime, in direct violation of the FLSA.

35. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant her unpaid overtime compensation for the past two (2) years, liquidated damages equal to the amount of unpaid overtime, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

36. By the above course of conduct, Defendant has willfully violated the FLSA. Thus, Plaintiff is entitled to recover wages for a third (3rd) year of unpaid overtime, in the amount of $9,189.75.

37. The damages calculation is difficult because, upon information and belief, Defendant has not kept time records, as required under the law.

38. Plaintiff estimates that if Defendant had paid overtime wages as required under the law, Plaintiff would have received approximately $18,379.50 for two (2) years of unpaid overtime wages, and $27,569.25 for three (3) years of unpaid overtime wages. These amounts are subject to further review and adjustment based on the development of additional information to which Plaintiff is entitled.

39. Under the FLSA, damages equal to the pay the employee should have received is recoverable as liquidated damages if the employer's conduct was willful. Accordingly, Plaintiff is seeking liquidated damages in the amount of $27,569.25.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

40. Plaintiff alleges and incorporates by reference Paragraphs one (1) through thirty-nine (39) as if set forth herein at length.

41. Under the MWA, Plaintiff was entitled to overtime compensation from Defendant for hours worked beyond forty (40) hours per week.

42. Under 43 P.S. § 333.104(c), overtime is paid at one and one-half the employee's regular rate.

43. By the above course of conduct, Defendant has violated the MWA.

44. Furthermore, Defendant has violated the MWA willfully.

45. The damages calculation is difficult because, upon information and belief, Defendant has not kept time records, as required under the law.

46. Due to Defendant's willful MWA violations, Plaintiff is entitled to recover from Defendant her unpaid overtime compensation for the past three (3) years, prejudgment interest, reasonable attorney's fees and costs, pursuant to 43 P.S. § 333.104.

47. Plaintiff estimates that if Defendant had paid overtime wages as required under the law, Plaintiff would have received approximately $22,852.50 in additional compensation. This amount is subject to further review and adjustment based on the development of additional information to which Plaintiff is entitled.

48. Under the MWA, Plaintiff would be entitled to prejudgment interest on the unpaid overtime compensation. Accordingly, Plaintiff is seeking damages in the amount of $1,371.15.

This amount is subject to further review and adjustment based on the development of additional information to which Plaintiff is entitled.

## COUNT III
## VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

49. Plaintiff alleges and incorporates by reference Paragraphs one (1) through forty-seven (47) as if set forth herein at length.

50. Under the WPCL, Plaintiff is entitled to liquidated damages that remain unpaid for thirty (30) days beyond the regularly scheduled payday.

51. By the above course of conduct, Defendant has violated the WPCL.

52. Defendant has violated the WPCL willfully.

53. Due to Defendant's WPCL violations, Plaintiff is entitled to recover from Defendant liquidated damages the greater of twenty-five percent (25%) of the total amount of wages due, or $500.00, pursuant to 43 P.S. § 260.10.

54. The damages calculation is difficult because, upon information and belief, Defendant has not kept time records, as required under the law.

55. Plaintiff estimates that she is entitled to $5,713.13 in liquidated damages. This amount is subject to further review and adjustment based on the development of additional information to which Plaintiff is entitled.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that this Honorable Court grant the following relief:

    a. Judgment against the Defendant and in favor of Plaintiff for all unpaid overtime due under the FLSA at the rate of one and one-half times the regular rate;

    b. Judgment against the Defendant and in favor of Plaintiff for all unpaid overtime compensation due under the WPCL;

    c. Liquidated damages equal to Plaintiff's unpaid overtime compensation under the FLSA;

d. Liquidated damages equal to twenty-five percent (25%) of Plaintiff's unpaid overtime compensation due under the WPCL;

e. Prejudgment interest;

f. Reasonable attorneys' fees and the costs of this action; and

g. Such other further relief as this Court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted:

ROLAND STOCK, LLC

By: *[signature]*

John W. Roland, Esquire
Attorney I.D. No.: 23876
Edwin L. Stock, Esquire
Attorney I.D. No.: 43787
Erin Andrea Kelly, Esquire
Attorney I.D. No.: 323362
627 North Fourth Street
Reading, PA 19603
(610) 372-5588 – Tel.
(610) 372-5957 – Fax

*Attorneys for Plaintiff, Heather L. Potteiger*

Dated: October 30, 2017